# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALISSIA MCNARY,

       *Plaintiff,*

  vs.

                                 Case No. 19-02105-EFM

ANDREW M. SAUL,
Commissioner of Social Security,

       *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Alissia McNary's Motion for Attorney's Fees (Doc. 20) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner opposes the motion, arguing that the Commissioner's position in this litigation was substantially justified and thus Plaintiff is not entitled to fees.  For the following reasons, the Court denies Plaintiff's motion.

## I.      Legal Standard

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the United States' position was substantially justified or

that special circumstances make an award unjust.[1]  Under the EAJA, a plaintiff who obtains a sentence-four remand under 42 U.S.C. § 405(g) is a prevailing party.[2]

The Commissioner bears the burden to show that his position was substantially justified.[3] This standard is satisfied if the government's position is justifiable to a reasonable person.[4]  The government's position includes both the position taken by the Commissioner in the civil action and the agency's position in the underlying hearing.[5]  The Court looks to the record in the civil proceeding, as well as the agency record, to determine whether the government's position was substantially justified.[6]

## II.    Analysis

Plaintiff presented many arguments in her appeal to this Court as to why the Commissioner's decision to deny benefits should be reversed.  The Court rejected all but one of these arguments.  Plaintiff prevailed in arguing that the ALJ erred at step four of the analysis because the ALJ did not resolve a conflict between Plaintiff's residual functional capacity ("RFC") and the reasoning level of the occupations that the ALJ relied upon at this step.

In assessing Plaintiff's RFC, the ALJ found that Plaintiff could understand, remember, and carry out simple instructions and perform routine, repetitive tasks due to her mental impairments. The ALJ further found that Plaintiff was not disabled at step four based on the vocational expert's

---

[1] 28 U.S.C. § 2412(d)(1)(A); *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

[2] *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

[3] *Gilbert*, 45 F.3d at 1394.

[4] *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted).

[5] 28 U.S.C. § 2412(d)(2)(D).

[6] *Id*. § 2412(d)(1)(B).

testimony.  The vocational expert testified that a person with Plaintiff's RFC could perform jobs that exist in significant numbers in the national economy, including jobs such as a collator operator, small parts assembler, and inserting machine operator.  Plaintiff argued that these jobs had a reasoning level of two or three in the Dictionary of Occupational Titles ("DOT"), and that these reasoning levels were inconsistent with her RFC restrictions.  She further argued that the ALJ erred by failing to resolve the conflict between the vocational expert's testimony and the DOT.  In response, the Commissioner pointed out that each of the jobs identified by the vocational expert had a reasoning level of two—not three.  The Commissioner also argued that a claimant with the limitation of simple work could perform GED reasoning level two jobs based on the Tenth Circuit's decision in *Stokes v. Astrue*,[7] which relied heavily on the Tenth Circuit's decision in *Hackett v. Barnhart*.[8]

The Court agreed with the Commissioner that the occupations identified by the vocational expert had a reasoning level of two.  But it also found the Commissioner's reliance on *Hackett* misplaced.  Specifically, the Court found that the RFC limitation assessed in this case related to simple instructions, and thus it differed from the functional limitations stated in *Hackett*, which related to simple work.  The Court cited a more recent Tenth Circuit opinion, *Paulek v. Colvin*,[9] which stated that a limitation to simple instructions is inconsistent with level-two and level-three

---

[7] 274 F App'x 675 (10th Cir. 2008).

[8] 395 F.3d 1168 (10th Cir. 2005).

[9] 662 F. App'x 588 (10th Cir. 2016).

reasoning.[10]  Thus, the Court remanded the case for the ALJ to inquire about and resolve the conflict between the vocational expert's testimony and the description of the DOT jobs.

The Commissioner now argues that reasonable minds could differ as to whether the RFC assessed was inherently different or more restrictive than the RFC assessed in *Hackett*.  The Commissioner also argues that it is an area of unsettled law with divergent decisions throughout the Tenth Circuit, and thus the Commissioner had a reasonable basis for believing this case was more analogous to *Hackett*.  The Court agrees.

The grounds for distinguishing this case from *Hackett* is subject to a reasonable difference of opinion.  Furthermore, "the Tenth Circuit has never held that a limitation to simple work conflicts with [GED] reasoning level-two as defined by the DOT,"[11] and the district courts within the Circuit have answered the question differently.[12]  Accordingly, the Court concludes that the government's position before the Court was reasonably taken.[13]

Plaintiff argues that the Court should still grant her motion because the agency's position was not substantially justified.  Generally, a position taken by the ALJ or the government that

---

[10] *Id*. at 594 (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)).

[11] *Kerr v. Berryhill*, 2017 WL 3531506, at *13 (D.N.M. 2017).

[12] *See Kerr*, 2017 WL 3531506, at *14 (finding that a limitation to simple instructions does not conflict with GED reasoning level of two); *Christine P. v. Berryhill*, 2019 WL 354971, at *7 (D. Kan. 2019) (finding a conflict between an RFC limitation to "simple tasks" in a "simple work environment" and the GED reasoning level of two).

[13] *See Christine P. v. Berryhill*, No. 18-cv-2338, Doc. 21-1 (D. Kan. June 26, 2019) (finding the government's argument that an RFC limited to "simple tasks" was consistent with jobs having a reasoning level two as substantially justified based on conflicting Tenth Circuit law).  Plaintiff argues that *Christine P.* is distinguishable because the court ultimately denied attorney's fees on the basis that the government's position before the agency was not substantially justified.  The Court disagrees.  The plaintiff sought attorney's fees based on two issues—pace of work and the simplicity of instructions limitation in the RFC.  *Id*. at 2.  The court granted attorney's fees because it concluded that the government's position before the agency as to the pace of work issue was substantially unjustified.  *Id*. at 6.  The Court did not conclude that the government's argument before the agency as to the simplicity of instructions was substantially unjustified.  Instead the Court concluded that "the government's position as to this argument was reasonably taken."  *Id*. at 5.

contravenes judicial precedent is not substantially justified.[14]  As noted above, however, there is no binding judicial precedent holding that an RFC limited to simple instructions is inconsistent with level-two jobs.   Therefore, the Court concludes that the agency's position was also substantially justified.  Plaintiff's motion for attorney's fees is denied.

  **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 20) is **DENIED**.

   **IT IS SO ORDERED**.

  This case is closed.

  Dated this 7th day of October, 2020.


          ERIC F. MELGREN
          UNITED STATES DISTRICT JUDGE

---

[14] *Quintero*, 642 F. App'x at 796 (citation omitted).